IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GILBERTO LARA-RUIZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-0087-DGK |
| | ) | (Crim. No. 4:09-00121-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR POSTCONVICTION RELIEF**

This habeas case arises out of Movant Gilberto Lara-Ruiz's conviction for using a firearm during and in relation to a drug trafficking crime. Now before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1). Because Movant's claim is meritless, the Court denies the motion and declines to issue a certificate of appealability.

**Background and Procedural History**

On April 9, 2009, a grand jury indicted Movant and eleven others on various drug, money laundering, and gun crimes. After a two-day trial, a jury found Movant guilty on Count 14, possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. 924(c)(1)(A)(i), and Count 15, using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. 924(c)(1)(A)(iii). The Eighth Circuit subsequently reversed Movant's conviction on Count 14. *United States v. Lara-Ruiz*, 681 F.3d 914, 921, 923-24 (8th Cir. 2012).

On November 5, 2013, the Court sentenced Movant to 300 months' imprisonment to be served consecutively with another sentence he was already serving.

On April 15, 2015, the Eighth Circuit denied his direct appeal of this sentence.

On February 1, 2016, Movant acting *pro se* filed the pending § 2255 motion. The Government responded to this motion on April 4, 2016.

On June 21, 2016, Movant filed another § 2255 motion.

On June 24, 2016, the Court set an evidentiary hearing in this matter and appointed counsel to represent Movant on this motion.

On August 10, 2016, the Court held an evidentiary hearing. Movant appeared and testified via video-conferencing.

## Standard of Review

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

## Discussion

Movant raises one claim of ineffective assistance of counsel, namely, that his attorney was ineffective for failing to properly advise him of the potential risks of going to trial versus accepting a plea offer.[1] Movant contends his attorney did not tell him that he faced a statutory minimum sentence of ten years and a maximum sentence of twenty-five years if convicted on Count 15. Movant alleges his attorney told him that he faced *at most* a ten-year sentence if convicted on this count. Movant contends he believed he had little to lose by rejecting the

---

[1] The Court will not consider Movant's second claim, that trial counsel was ineffective for failing to argue the Government did not prove he committed a prior drug-trafficking crime. As Movant's counsel acknowledged during the hearing, this claim was denied on direct appeal and so cannot be raised in a § 2255 motion. *See Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (holding a district court may not revisit an issue addressed on direct appeal in a § 2255 motion absent an intervening change in controlling authority). Also, the Court will not consider any claims raised in the June 21, 2016, filing. These claims were withdrawn by counsel during the hearing because this filing is construed as a successive § 2255 motion which may not be filed without the Eighth Circuit's permission. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . .").

Government's plea offer of a binding ten-year sentence to run concurrent with his existing federal sentence and going to trial.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Failure to satisfy either prong is fatal, and the court need not reach the prejudice prong if the defendant cannot show his attorney's performance was deficient. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Movant's claim is meritless because after hearing testimony from both Movant and trial counsel, the Court finds trial counsel properly informed Movant of the potential range of punishment. Movant's testimony that trial counsel told him that if he lost at trial he would be sentenced to no more than ten years is not credible. When confronted during cross-examination with a letter from trial counsel dated January 17, 2011—which Movant admitted receiving—in which trial counsel advised him that "if you lost at trial, you would be at risk of getting a *minimum* sentence of 10 years," his answers became evasive and non-responsive. Exs. 502 (original in Spanish), 503 (English translation) (emphasis added).[2] Further, Movant's demeanor, such as the way he fixed his stare and moved his hands as he doggedly refused to give responsive answers on occasion, reinforces the Court's finding that this portion of his testimony was not truthful.

---

[2] The letter also warns, "If we lost at trial, you would be risking a lot more because you would end up doing at least 10 consecutive years (after your current sentence)." Exs. 502 (Spanish), 503 (English translation).

On the other hand, trial counsel's testimony was entirely credible.  She testified she told Movant numerous times in meetings that Count 15 carried a mandatory minimum sentence of 120 months to run consecutive to any other count, and that the sentence actually imposed would likely be far longer than ten years.  This testimony is consistent with, and corroborated by, the above letter, Exs. 502-503, as well as a handwritten note in her fil, Ex. 504.  Further, trial counsel's manner in which she testified and demeanor left no doubt in the Court's mind that she was being completely honest.

Because Movant was properly informed of the potential range of punishment by his attorney there was no ineffective assistance of counsel.  The motion is denied.

Further, because no reasonable jurist would grant this motion, the Court declines to issue a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   August 22, 2016                             /s/ Greg Kays
                                                                                            GREG KAYS, CHIEF JUDGE
                                                                                            UNITED STATES DISTRICT COURT